IN THE COUNTY COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

MARIE BOURDEAU,

    Plaintiff,

vs.

COLLECTION INFORMATION BUREAU, INC,

    Defendant.

_____/

## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action on Defendant:

**COLLECTION INFORMATION BUREAU, INC**
**by Serving its Registered Agent**
**Ronald M. Rode**
**202 N. Federal Highway**
**Lake Worth, FL 33460**

## IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served upon you to file a written response to the attached Amended Complaint in this Court. A phone call will not protect you. Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you can file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the " Plaintiff's Attorney" named below.

FD-1880

Each defendant is required to serve written defenses to the Amended Complaint or petition on Plaintiff's attorney, to-wit:

>YECHEZKEL RODAL, ESQ.
>LOAN LAWYERS, LLC.
>377 North State Road 7, Suite 202
>Plantation, FL 33317-2817
>(954) 523-4357

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED** on _____ JUN 14 2012 _____, 2012.



CLERK OF THE COURT

SHARON R. BOCK
Clerk & Comptroller

By: _Camille Doran_
Deputy Clerk

FD-1880

IN THE COUNTY COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 2012CC007796XXXX MB

MARIE BOURDEAU,

    Plaintiff,

vs.

COLLECTION INFORMATION BUREAU, INC,

    Defendant.

_____/

COPY
COUNTY CIVIL DIVISON
JUN 14 2012
SHARON R. BOCK
CLERK & COMPTROLLER
Palm Beach County

## COMPLAINT

**COMES NOW**, the Plaintiff, MARIE BOURDEAU, by and through undersigned counsel, and brings this action against the Defendant, COLLECTION INFORMATION BUREAU, INC ("CIB"), and as grounds thereof would allege as follows:

### JURISDICTION

1. This is an action for damages that exceed $5000.00 but are less than $15,000.00, exclusive of attorney's fees, pre-judgment interest and costs. This action is brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA"). These laws prevent respectively, debt collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

2. Personal jurisdiction is proper as Defendant is a Florida Corporation.

3. Venue is proper in this court because Plaintiff, MARIE BOURDEAU, ["Plaintiff"] was and is a resident of PALM BEACH County, Florida, and the actions that are the subject of this action accrued in PALM BEACH County, Florida.

4. This Court has jurisdiction pursuant to Florida Statute §34.01.

FD-1880

## PARTIES

5. At all times material hereto, Defendant, CIB was and is a Florida Corporation, duly licensed to transact business in the State of Florida, and has a principal address of 202 N. Federal Highway, Lake Worth, FL 33460.

6. At all times material hereto, CIB is a "creditor" as said term is defined under Florida Statute §559.55(3).

7. At all times material hereto, CIB regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

8. CIB regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. At all times material hereto, the Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3) and Florida Statutes § 559.55(2), and/or a person with standing to bring a claim under the FDCPA and the FCCPA by virtue of being directly affected by violations of the Act.

10. At all times material hereto, the alleged debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

11. On or about October 18, 2007, Plaintiff received an MRI at the Imaging Center of West Palm Beach, LLC ("Imaging Center") as a result of injuries sustained in a slip and fall incident.

12. On or about November 14, 2007, Plaintiff received a second MRI at the Imaging Center as a result of injuries sustained in a slip and fall incident.

13. On or about December 2008, Plaintiff retained Bavaro Legal, P.A., for representation in a personal injury action related to the slip and fall incident.

14. Upon information and belief, CIB was hired as third-party to collect the outstanding debt for the above-treatment.

15. On or about July 6, 2009, Plaintiff received a billing statement from the Imaging Center indicating that Plaintiff had been given a "courtesy write off" for her treatment.

*FD-1880*

16. The above statement reflected a $0 balance. A copy of same is attached hereto as Exhibit "A".

17. On or about June 21, 2010, October 28, 2010, and January 1, 2012, a representative of CIB acting within the scope of his or her authority, faxed Bavaro Legal, P.A., a billing statement showing that Plaintiff had an outstanding balance of $3,400 for the MRIs she received at the Imaging Center.

18. On or about February 15, 2012, and again on or about March 7, 2012, a representative of Bavrao Legal, P.A. informed CIB that the debt in question was more than five years old and past the Statute of Limitations.

19. Notwithstanding the above, on or about June 1, 2012, CIB sent another letter in an attempt to collect the alleged debt.

20. A copy of same is attached hereto as Exhibit "B".

21. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

### COUNT I-VIOLATION OF THE FDCPA: 15 U.S.C. §1692e(2)(A)

22. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 21.

23. 15 U.S.C. §1692e(2)(A) states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(2) The false representation of--
(A) the character, amount, or legal status of any debt;

15 U.S.C. §1692e(2)(A) states:

24. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in that Defendant attempted to collect a debt after Defendant knew or should have known that Plaintiff was discharged of the outstanding balance in July 2009, in contravention of 15 U.S.C. §1692e(2)(A).

25. Additionally, Defendant attempted to collect a debt that Defendant knew was outside the statute of limitations.

*FD-1880*

26. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated 15 U.S.C. §1692e(2)(A).

27. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

28. Plaintiff has hired Loan Lawyers, LLC, to represent them in this action and has agreed to pay a reasonable attorney's fee.

29. Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorneys fees

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II-VIOLATION OF FCCPA, FLORIDA STATUTE §559.72(9)

30. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 28.

31. Florida Statutes §559.72(9) states:
   "In collecting debts, no person shall...
   (9) Claim, attempt, or threaten to enforce a debt when such person knows
   that the debt is not legitimate, or assert the existence of some other legal
   right when such person knows that the right does not exist.
Florida Statute §559.72(9)

32. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FCCPA in that Defendant attempted to collect a debt after Defendant knew or should have known that Plaintiff was discharged of the outstanding balance in July 2009, in contravention of Florida Statute §559.72(9).

33. Additionally, Defendant attempted to collect a debt that Defendant knew was outside the statute of limitations.

34. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated Florida Statute §559.72(9).

*FD-1880*

35. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

36. Plaintiff has hired Loan Lawyers, LLC, to represent Plaintiff in this action and has agreed to pay a reasonable attorney's fee.

37. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

### DEMAND FOR JURY TRIAL

Plaintiff, MARIE BOURDEAU, pursuant to Rule 1.430, Florida Rules of Civil Procedure, hereby demands a trial by jury of all issues so triable.

Dated this 13th day of June, 2011.

Respectfully submitted,

LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone: (954) 523-4357
Facsimile: (954) 581-2786

By: _____
YECHEZKEL RODAL, ESQ.
FBN: 091210
chezky@floridaloanlawyers.com

*FD-1880*

```
                                    Statement         07/06/09      Page: 1
THE IMAGING CTR OF WPB; LLC                                       Oper: SK
2450 METROCENTRE BLVD
WEST PALM BEACH, FL 33407            IRS # 421581519


Tel: 5616849020

BOURDEAU, MARIE                      Acct: 10007849-1 /PI
10 NORTH WILLOW LAKE                 Pat : BOURDEAU, MARIE
APT #2526                            Tel: 561/294-0419
LAKE WORTH, FL 33460


 Date     Diag    Ref   C.P.T    Qt  Procedure              AR Pl Prv   Amt       Bal
 ----------------------------------------------------------------------------------
 10/18/07 724.2  AMEF  72148     1   MRI LUMBAR SPINE       PI  O  ROB  1700.00   0.00
 -10/18/07
 05/11/09              CTWO          COURTESY WRITE OFF         O  ROB -1700.00
 11/14/07 719.41 KUG1  73221RT   1   MRI UPPER JOINT        PI  O  ROB  1700.00   0.00
 -11/14/07
 05/11/09              CTWO          COURTESY WRITE OFF         O  ROB -1700.00
                                                                        ---------
                                     Regular Balance:   $                   0.00
```

NE



# COLLECTION INFORMATION BUREAU, INC.
## *Family Owned and Operated Since 1948*
EXPERIENCE • DEPTH • KNOWLEDGE

```
THE IMAGING CENTER OF WPB          Patient:      MARIE BOURDEAU
Service Date:  10/18/07            Original Amt: 3400.00
Turnover Amt:  3400.00             Balance Due:  3400.00    Patient#:  7849-1


Total Due: 3400.00


            This communication is from a debt collector.
               This is an attempt to collect a debt.
         Any information obtained will be used for that purpose.
```

*Member: American Collectors Association, Inc. • Florida Collectors Association •AAHAM*
*Fully Licensed, Bonded and Insured for Your Safety, Protection and Peace of Mind*

202 North Federal Hwy • Lake Worth, Florida 33460 • 800-231-3514 • Fax 561-588-0933

EXHIBIT B